UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

CHAD WIEGAND,

        Plaintiff,

    v.                                                     Case No. 25-C-751

FOREST LIGHT CAPITAL LLC,

        Defendant.

─────────────────────────────────────────────

DECISION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS AMENDED COMPLAINT OR,
ALTERNATIVELY, TO TRANSFER VENUE TO VIRGINIA

─────────────────────────────────────────────

      Plaintiff Chad Wiegand brought this action asserting a breach of contract claim against Defendant Forest Light Capital LLC. In particular, Plaintiff alleges that Defendant has failed to pay the amounts owed under the terms of the parties' Promissory Note. The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. This matter comes before the court on Defendant's motion to dismiss or, alternatively, to transfer venue. Defendant asserts that the Promissory Note contains a mandatory forum selection clause that requires the parties to litigate the case in Virginia. For the following reasons, the motion will be denied.

      Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a defendant to raise the defense of "improper venue" before filing an answer. Fed. R. Civ. P. 12(b)(3). The Supreme Court has held that "[a]lthough a forum-selection clause does not render venue in a court 'wrong' or 'improper' within the meaning of § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under 28 U.S.C. § 1404(a)." *Atl. Marine Constr. Co., Inc. v. United States District Court for the Western District of Texas*, 571 U.S. 49, 59 (2013). Under § 1404,

"[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"[J]urisdiction, venue, and forum clauses can be mandatory (exclusive) or permissive (nonexclusive)." *Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 697 n.2 (7th Cir. 2007). Seventh Circuit federal contract "law is clear: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Paper Exp., Ltd. v. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992). "The central inquiry, then, is whether a clause is merely a party's consent to a court's jurisdiction—constituting a permissive forum selection clause—or whether the clause has mandatory language specifying that disputes under the contract 'shall' or 'will' be litigated in a specific venue or forum." *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 643 (7th Cir. 2022) (citations omitted).

> The Promissory Note contains the following provisions regarding jurisdiction and venue:
>
> 10.4 <u>Submission to Jurisdiction</u>. The Borrower hereby irrevocably and unconditionally (i) agrees that any legal action, suit, or proceeding arising out of or relating to this Note may be brought in the courts of the State of Virginia or of the United States of America for the Fairfax County Circuit Court and (ii) submits to the exclusive jurisdiction of any such court in any such action, suit, or proceeding. Final judgment against the Borrower in any action, suit, or proceeding shall be conclusive and may be enforced in any other jurisdiction by suit on the judgment.
>
> 10.5 <u>Venue</u>. The Borrower irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Note in any court referred to in Section 10.4 and the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.

Dkt. No. 15-1 at 8.

Section 10.4 does not mandate that suits be filed in Virginia. Instead, it is permissive and states only that Borrower submits to "exclusive jurisdiction" of federal or state courts located in the State of Virginia. But Plaintiff is the Lender or, in the language of the Promissory Note, the "Noteholder," not the Borrower, and the language in Section 10.4 does not state that the Noteholder is submitting to exclusive jurisdiction in Virginia. Dkt. No. 18-1 at 1. The same is true of Section 10.5, which governs venue. While Section 10.5 states that the Borrower cannot object to the maintenance of an action or proceeding filed in Virginia, there is no language indicating the Noteholder may not choose a different venue. In sum, although the Borrower submitted to jurisdiction and venue in Virgina courts, the Noteholder did not. Stated differently, the Promissory Note does not state that suits *shall* be brought in Virginia courts, only that they *may* be brought in them. Accordingly, the clause must be read as permissive, not mandatory.

For these reasons, dismissal for improper venue is not appropriate in this case. Defendant moves for transfer as an alternative to dismissal but does not elaborate on why transfer would be in the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986) ("The movant . . . has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient."). As a result, Defendant's motion to transfer venue will be denied.

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss the amended complaint or, alternatively, to transfer venue to Virginia (Dkt. No. 21) is **DENIED**. The clerk is directed to set the matter on the court's calendar for a Rule 16 scheduling conference.

Dated at Green Bay, Wisconsin this 12th day of January, 2026.

William C. Griesbach
United States District Judge